UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUG LONGHINI,

      Plaintiff,                    CASE No.:

v.

SC (WESTLAND PROMENADE) LIMITED
PARTNERSHIP, a Foreign Limited Partnership,
SC (WESTLAND PROMENADE) INC., a Foreign
Corporation, and AMPY ENTERPRISES, INC.,
a Florida Corporation d/b/a McDonald's #02095,

      Defendants.

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sue Defendants, SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP, a Foreign Limited Partnership, SC (WESTLAND PROMENADE) INC., a Foreign Corporation, and AMPY ENTERPRISES, INC., a Florida Corporation d/b/a McDonald's #02095 (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

5.      At all times material, Defendant, SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP, was and is a Foreign Limited Partnership (Delaware), with its principal place of business in Palm Beach, Florida, with agents and/or offices in Palm Beach County, Florida.

6.      At all times material, Defendant, SC (WESTLAND PROMENADE) INC., was and is a Foreign Corporation (Delaware), with its principal place of business in Palm Beach, Florida, with agents and/or offices in Palm Beach County, Florida.

7.      At all times material, Defendant, SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP, owned a restaurant property located at 3350 West 18th Avenue, Hialeah, Florida 33012 (hereinafter the "restaurant property").

8.      At all times material, Defendant, SC (WESTLAND PROMENADE) INC., operated a restaurant property located at 3350 West 18th Avenue, Hialeah, Florida 33012 (hereinafter the "restaurant property").

9.      At all times material, Defendants, SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP and SC (WESTLAND PROMENADE) INC., purposefully availed themselves of the benefits and protections of the State of Florida by virtue of the business that they regularly conducted in Miami-Dade County and Palm Beach County, Florida by virtue of its ownership and operation of the restaurant property located in Miami-Dade County, Florida and having its principal address, mailing address and general partner located in Palm Beach County, Florida.

10.     At all times material, Defendant, AMPY ENTERPRISES, INC., d/b/a

McDonald's #02095, was and is a Florida Corporation, with its principal place of business in Miami, Florida, with agents and/or offices in Miami, Florida.

11.     At all times material, Defendant, AMPY ENTERPRISES, INC. d/b/a McDonald's #02095, owned and operated a restaurant located at 3350 West 18th Avenue, Hialeah, Florida 33012 (hereinafter the "restaurant" or "restaurant business").

12.     Venue is properly located in the Southern District of Florida because Defendants' restaurant property and restaurant business is located in Miami-Dade County, Florida, and Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade, Florida.

## FACTUAL ALLEGATIONS

10.     Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendants have yet to make the facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continues to discriminate against people who are disabled in ways that block them from access and use of Defendants' restaurant property and restaurant business.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI

has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14.     SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP owns and manages the subject restaurant property in Hialeah, Florida that is the subject of this Action. The restaurant property and restaurant business is open to the public and is located in Miami-Dade County, Florida.

15.     SC (WESTLAND PROMENADE) INC. operated the subject restaurant property in Hialeah, Florida that is the subject of this Action. The restaurant property and restaurant business is open to the public and is located in Miami-Dade County, Florida.

16.     AMPY ENTERPRISES, INC. d/b/a McDonald's #02095 operates and owns the subject restaurant business in Hialeah, Florida that is the subject of this Action. The subject restaurant business "McDonald's #02095" is a restaurant open to the public and is located in Miami-Dade County, Florida.

17.     The individual Plaintiff visits the restaurant property and restaurant business regularly, to include a visit to the property initially on or about September 5th, 2016 and plans to return frequently and within four (4) months from now since he encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to the restaurant property and restaurant to avail himself of the goods and services offered to the public at the business, if the restaurant property and restaurant become accessible.

18.     Plaintiff visited the restaurant property and restaurant business as a patron/customer, regularly visits the restaurant property and restaurant business as a patron/customer and intends to return to the restaurant property and restaurant business to avail

himself of the goods and services offered to the public at the restaurant property and restaurant business. Plaintiff is domiciled in the same state as and county as the restaurant property and restaurant business, has regularly frequented the Defendants' Hialeah restaurant property and restaurant business location for pleasure purposes, and intends to return to the restaurant property and restaurant business within four (4) months' time of the filing of this Complaint. Plaintiff lives in the Miami-Dade County area and often visits restaurants and other other venues and businesses in Hialeah and the surrounding areas while visiting with friends.

19. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

20. Public accommodations covered by Title III of the ADA must be designed and constructed as accessible in accordance with 28 CFR 36.401. Alterations and additions are similarly mandated under 28 CFR 36.402 and 36.403. Existing facilities, constructed prior to 1993, must remove architectural barriers that are structural in nature, where such removal is readily achievable. The requirement to remove architectural barriers where readily achievable is discussed in the Department of Justice ADA Title III Regulation 28 CFR 36.304.

21. 28 CFR 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

22. The Plaintiff found the restaurant property and restaurant business to be rife with ADA violations.

23. The Plaintiff encountered architectural barriers at the subject restaurant property and restaurant business, and wishes to continue his patronage and use of the premises.

24. DOUG LONGHINI has been discriminated against as well as other similarly situated disabled persons with the same or similar claims.

25.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the subject restaurant property and restaurant business. The barriers to access at Defendants' restaurant property and restaurant business have denied or diminished Plaintiff's ability to visit the restaurant property and restaurant business and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

26.     Defendants own and/or and operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation (the business property that is the subject of this Action for its violations of the ADA) that Defendants, SC (WESTLAND PROMENADE) LIMITED PARTNERSHIP, SC (WESTLAND PROMENADE) INC. and AMPY ENTERPRISES, INC. d/b/a McDonald's #02095, own and/or operate as a business is located at 3350 West 18th Avenue, Hialeah, Florida 33012.

27.     Plaintiff, DOUG LONGHINI has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property, but not necessarily limited to the allegations in Paragraph 29 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the restaurant property and restaurant business in violation of the ADA.   Plaintiff desires to visit the restaurant property and restaurant business, not only to avail himself of the goods and services available at the restaurant property and restaurant business, but to assure himself that this restaurant property and restaurant business is in compliance with

the ADA; so that he and others similarly situated will have full and equal enjoyment of the restaurant property and restaurant business without fear of discrimination.

28.    Defendants have discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the restaurant property and restaurant business, as prohibited by 42 U.S.C. § 12182 et seq.

29.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his stay at the restaurant property and restaurant business include, but are not limited to, the following:

### A. Parking

1.   The Plaintiff had difficulty accessing the facility, as the designated accessible parking spaces are not located on the shortest accessible route to the facility. Violation: Some of the accessible parking spaces are not located closest to the accessible path of travel to the facility, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2.   Where posted, signage at some of the designated accessible parking spaces is not mounted at sufficient heights, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

**B. Entrance Access and Path of Travel**

1. The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**C. Public Restrooms**

1. The Plaintiff had difficulty opening the restroom door, as the door pressure to operate the door was excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not close the accessible toilet compartment door as it was not self-closing and did not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped

or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff could not use the mirror, as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

7. The Plaintiff could not transfer to the toilet without assistance, as the toilet paper dispenser is mounted less than 12" above the side grab bar. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

8. The Plaintiff could not use the baby changing table without assistance, as the handle was mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

30. The discriminatory violations described in Paragraph 29 above are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants'

place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the property; Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice.

31.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building and facilities; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32.    Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35.   Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met or waived.

36.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property located at 3350 West 18th Avenue, Hialeah, Florida 33012, its interiors and the common exterior areas of the properties to

make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED: December 30th, 2016

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74th Court, Unit 3
Miami, FL 33155
Telephone:   (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails: kturino_agmlaw@bellsouth.net and
agarciamenocal@lawgmp.com

By:   /s/ Anthony J. Perez
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      ALFREDO GARCIA-MENOCAL
      Florida Bar No.: 533610